UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| WINSTON DILLON, JR. and TERESA DILLON, | ) ) ) | Civil No. 13-105-ART |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| MEDTRONIC, INC., et al., | ) ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On December 20, 2013, the Court remanded this case to Pike County Circuit Court for lack of subject-matter jurisdiction. R. 31. The defendants now move the Court to reconsider its ruling on account of clear legal error. R. 32. The Court is powerless to entertain this motion because, once a case has been remanded to state court for lack of jurisdiction, 28 U.S.C. § 1447(d) divests the Court of authority to reconsider the remand order. *See Gibson v. Am. Mining Ins. Co.*, No. 08-118-ART, 2008 WL 4858396, at \*1 (E.D. Ky. Nov. 7, 2008). Regardless, even if the Court had authority to reconsider its remand order, it would not reach a different conclusion.

## DISCUSSION

The defendants specifically argue that the Court misread Sixth Circuit precedent on substantial-federal-question doctrine. R. 32-1 at 4–5 (relying on *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. 2007) (en banc)). They contend that the Sixth Circuit permits jurisdiction based on substantial federal questions whether or not such questions appear on the face of the plaintiff's complaint. *Id.* at 4. That conclusion is wrong.

1

Nevertheless, the defendants are indeed correct that the Sixth Circuit and other courts have confusingly referred to the substantial-federal-question doctrine as a third "exception" to the well-pleaded complaint rule (in addition to complete preemption and artful pleading). *See Mikulski*, 501 F.3d at 560; *see also Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1203–04 (10th Cir. 2012); *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 141 (2d Cir. 2012). But this choice of words does not undermine the reasoning behind the remand in this case. On the contrary, the only difference between the Court's opinion and *Mikulski* is that of terminology. There is no difference in substance.

I.  **The Traditional Understanding of the Well-Pleaded Complaint Rule**

What this Court refers to as the "well-pleaded complaint rule" is the longstanding principle that, to support federal jurisdiction, a federal issue must appear amid the essential elements of the plaintiff's cause of action. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). The primary consequence of this rule is that issues raised in responsive pleadings are irrelevant. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). Federal questions presented by defenses like preemption thus cannot support jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). As a result, complete preemption is a true exception to the well-pleaded complaint rule, since it permits jurisdiction on the basis of a federal defense (by recasting the plaintiff's state claims as federal claims).

The substantial-federal-question doctrine, on the other hand, is not a true exception to the rule, because it does not permit jurisdiction based on federal issues raised outside the complaint. Although the doctrine permits federal jurisdiction based on state claims, the plaintiff's cause of action need not be federal to satisfy the well-pleaded complaint rule so

long as one of the claim's elements depends on federal law. For example, take a state law tort claim for negligence per se based solely on violation of a federal duty. A question regarding that federal duty appears on the face of the plaintiff's complaint amid the elements of his cause of action. The question might be substantial, and thus the claim may "arise under" federal law, but federal jurisdiction over such a claim is entirely consistent with the traditional view of the well-pleaded complaint rule. *See, e.g.*, *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 201–02 (1921) (finding jurisdiction over a state claim to enjoin a trust from investing in allegedly unconstitutional federal bonds).

*Mikulski*'s understanding of substantial-federal-question doctrine is not to the contrary. As the Sixth Circuit explains, state claims do not "arise under" federal law for purposes of 28 U.S.C. § 1331 "unless it appears that some substantial, disputed question of federal law is a *necessary element of one of the well-pleaded state claims*." *Mikulski*, 501 F.3d at 565 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983)) (emphasis added). The federal issue, in other words, must appear on the face of the complaint. That principle is behind this Court's holding that the substantial-federal-question doctrine does not permit jurisdiction based on issues raised in defenses. And that holding also accords with the Sixth Circuit's *own reading* of *Mikulski*. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474–76 (6th Cir. 2008) (applying *Mikulski* and holding that issues raised in defenses do not satisfy the first prong of the substantial-federal-question test because they are not an "essential element" of the plaintiff's claim). And no other circuit disagrees. *See Devon*, 693 F.3d at 1208–09 (rejecting application of substantial-federal-question doctrine to defenses); *Shinnecock Indian Nation*, 686 F.3d at 140 n.4 (reaching the same conclusion because issues raised in defenses are "not necessarily raised by the

3

[plaintiffs'] affirmative claims").

## II. The Well-Pleaded Complaint Rule as the Holmes Test

But if *Mikluski*'s understanding of the substantial-federal-question doctrine is consistent with the traditional view of the well-pleaded complaint rule, why call the doctrine an "exception" to the rule?  To be sure, the opinion's recitation of the rule is consistent with the traditional formulation:  "To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses." *Mikulski*, 501 F.3d at 560 (quotation marks and brackets omitted).  But the traditional view of the rule cannot explain why the Sixth Circuit considers the substantial-federal-question doctrine an "exception" despite *expressly* limiting the doctrine to federal issues found on the face of the plaintiff's complaint.  If *Mikulski* had not been so clear on that limit, then perhaps it could be read as treating the substantial-federal-question doctrine as a true exception to the well-pleaded complaint rule.  Since the opinion was clear on that score, however, the only possible explanation is that the Sixth Circuit did not use the "well-pleaded complaint rule" in the traditional sense.

There is only one usage of that term that accounts for the entire opinion:  *Mikulski* conflates the "well-pleaded complaint rule" with the Holmes creation test, the general rule that "[a] suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *see also Dillon v. Medtronic, Inc.*, No. 13-105-ART, 2013 WL 6834812, at *3–4 (E.D. Ky. Dec. 20, 2013) (discussing the Holmes test).  Substitute in the Holmes test and the opinion's terminology makes much more sense.  Even limited to issues appearing amid the plaintiff's cause of action, the substantial-federal-question doctrine is an exception to that test because it permits federal jurisdiction

4

over state claims.  *See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Thus, considering the *Mikulski* opinion as a coherent whole, the Holmes test is the most plausible reading of the Sixth Circuit's usage of the "well-pleaded complaint rule."

And while imprecise, using the well-pleaded complaint rule as a substitute for the Holmes test has some ready explanations.  Since the Holmes test "accounts for the vast bulk of suits that arise under federal law," *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013), it is easy to confuse that test with the well-pleaded complaint rule, the "basic principle marking the boundaries of the federal question jurisdiction." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Moreover, because practically speaking "a plaintiff can generally guarantee an action will be heard in state court" by avoiding federal claims, *Devon*, 693 F.3d at 1202 (quotation marks and alteration omitted), it is natural to associate this usually conclusive power over the forum with the plaintiff's role—arising from the well-pleaded complaint rule—as "master of the complaint," *Caterpillar*, 482 U.S. at 398–99.  That association, of course, is an oversimplification.  The substantial-federal-question doctrine illustrates that, as master of the complaint, the plaintiff can guarantee a state forum only by avoiding federal law *entirely*; simply avoiding federal claims is not enough to guard against removal. Nevertheless, because the plaintiff's power to choose the forum generally overlaps with the Holmes test, blurring that test with the well-pleaded complaint rule is understandable.  This method of association appears particularly likely in *Mikulski*, since the opinion emphasizes that all three "exceptions" to the well-pleaded complaint rule "force a plaintiff into federal court despite the plaintiff's desire to proceed in state court."  501 F.3d at 560.

5

## III. Support from Supreme Court Precedent

Finally, whatever best explains the opinion in *Mikulski*, this Court's holding is directly in line with *Grable* and subsequent Supreme Court precedent discussing the well-pleaded complaint rule. As the Supreme Court formulated the substantial-federal-question test in *Grable*, the initial question is whether "a state-law claim necessarily raise[s] a stated federal issue." 545 U.S. at 314. The plaintiff's claim itself therefore must state the federal issue, consistent with the traditional view of the well-pleaded complaint rule. Put simply, the first prong of *Grable*'s test *is* the well-pleaded complaint rule. And that rule was satisfied in *Grable* because there a federal question was necessary to make out the plaintiff's state quiet title claim. *Id.* at 314–15. The Dillons' claims, in contrast, fail the first prong of *Grable*'s four-part test because no federal issue is necessary to state their claims.

And Supreme Court precedent postdating both *Grable* and *Mikulski* confirms this reasoning is sound. As the High Court described the well-pleaded complaint rule in *Vaden v. Discover Bank*, "a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." 556 U.S. 49, 60 (2009) (quotation marks and alteration omitted). The *Vaden* Court reaffirmed that federal issues appearing in responsive pleadings, including defenses and even compulsory counterclaims, are irrelevant to subject-matter jurisdiction. *Id.* at 60–62. This bolsters the Court's narrow reading of the Sixth Circuit's opinion in *Mikulski*. And even if that reading is wrong (it is not), *Vaden* overrules a more capacious interpretation of *Grable*, removing any lingering doubt. So, whatever the Sixth Circuit calls the substantial-federal-question doctrine ("exception" to the well-pleaded complaint rule or not), this Court's prior opinion is fully consistent with binding precedent.

## CONCLUSION

For the reasons discussed, it is accordingly **ORDERED** that the defendants' motion to reconsider, R. 32, is **DENIED**.

This the 2nd day of January, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge